A99A1811. THOMPSON v. ENTERPRISE LEASING COMPANY
OF GEORGIA.
(522 SE2d 670)

JOHNSON, Chief Judge.

Enterprise Leasing Company of Georgia sued Patricia Thompson, Travis Grier and Mildred Grier for property damage to its rental car. Subsequently, Enterprise dismissed the Griers. Thompson and Enterprise both filed motions for summary judgment; the trial court granted Enterprise's motion and denied Thompson's motion. Thompson appeals. We affirm the grant of summary judgment to Enterprise and the denial of summary judgment to Thompson, but reverse the trial court's award of pre-judgment interest.

The record shows that Thompson and Enterprise entered into a car rental contract on October 23, 1996. Thompson indicated she would return the rental car by October 28, 1996. The terms of the rental agreement provided that "[r]enter agrees to return car to Owner in same condition as received, on return date stated on reverse or upon demand of Owner, ordinary wear and tear accepted." The agreement also provided that the renter was responsible for damage to the rental car and that it was a violation of the rental agreement to allow any person to drive the car without written consent of the rental agency.

Several verbal requests for an extension of time for the return of

---

the rental car were made and granted. The last extension was through November 21, 1996. On November 16, 1996, the rental vehicle was damaged while being driven by Travis Grier, Thompson's cousin. Thompson had given her cousin permission to drive the rental car in violation of the terms of the rental agreement.

Thompson was charged for 25 days rental from October 23, 1996 to November 16, 1996, at the rate of $21.99 per day. Allstate Insurance Company, Thompson's insurer, paid its portion of the rental charges, and Thompson paid the remaining portion of the rental charges. Thereafter, Enterprise sued Thompson for the property damage to the rental car. Enterprise also sought pre-judgment interest and expenses of collection, including attorney fees, as provided in the rental contract. The trial court granted Enterprise's motion for summary judgment and entered judgment "in the principal sum of $5,029.82, plus attorney fees of $4,077.36 plus interest at the rate of 1.5% per month from November 21, 1996 plus interest at the legal rate from the date of this judgment plus all costs of court."

1. Thompson contends the trial court erred in granting Enterprise's motion for summary judgment and denying her motion for summary judgment because the rental agreement expired on October 28, 1996, prior to the collision which damaged the rental car. According to Thompson, the typed date for the rental car's return, October 28, 1996, controls the expiration of the rental agreement and its terms. She argues that she cannot be liable on an expired contract. We disagree.

Thompson's argument totally ignores the fact that she asked for and received extensions of the rental agreement, that she retained the rental car, and that both she and her insurance company paid for her use of the rental car until it was damaged in the collision. Furthermore, Thompson's contention ignores the fact that the rental agreement specifically stated that she was to return the rental car in the same condition as received "on return date stated on reverse *or upon demand of Owner*, ordinary wear and tear accepted." (Emphasis supplied.)

Thompson contends that any evidence of the contract extension is barred by the parol evidence rule, OCGA § 13-2-2 (1), because the contract contains a clause indicating that the terms of the rental agreement could not be altered by another document or oral agreement. Again, this argument ignores the fact that the rental agreement stated the car was to be returned in the same condition on the date listed in the rental agreement or upon demand of the rental agency. Moreover, even if the contract was modified by granting an extension, such a modification was authorized.

*Marathon Oil Co. v. Hollis*, 167 Ga. App. 48, 49 (1) (B) (305 SE2d 864) (1983), holds that the terms of a written contract may be modi-

fied or changed by a subsequent parol agreement between the parties as long as the subsequent agreement is founded on sufficient consideration. This is true even where the initial agreement specifies that the contract may not be changed except by writing. Id. Clearly, Thompson's retention of the rental car and the fact that both she and her insurance company paid for the use of the rental car until it was damaged in the collision shows the parties intended to and did modify the original rental agreement by extending its term. The trial court did not err in granting Enterprise's motion for summary judgment and denying Thompson's motion for summary judgment.

2. The agreement provides that Enterprise is entitled to collect all expenses incurred in the collection of monies due under the agreement or in enforcing any terms of the agreement, including attorney fees and costs. Therefore, based on our holding in Division 1, Enterprise is entitled to collect attorney fees.

3. Thompson correctly asserts that the trial court erred in awarding Enterprise pre-judgment interest. Pre-judgment interest is allowable only where the amount is liquidated, and on a suit to recover the value of property which has been injured or destroyed, a plaintiff cannot be awarded both principal and an additional amount as interest. See *Jennings Enterprises v. Carte*, 224 Ga. App. 538, 541 (4) (481 SE2d 541) (1997); *Marathon Oil*, supra. The term liquidated means settled, acknowledged or agreed, a sum which cannot be changed by the proof. *Jennings*, supra.

While the amount Thompson owed in car rental fees would be a liquidated amount, this cannot be said of the amount Enterprise suffered as a result of the physical damage to the car. Although Enterprise argues that it offered undisputed evidence of the amount of its property damage, and the record is devoid of any evidence introduced by Thompson to dispute Enterprise's amount of damage, this does not convert unliquidated damages to liquidated damages.

The proof of Enterprise's damages was the opinion of an Enterprise employee, that is, her estimates of the fair market value of the rental car before and after the collision, the cost of reasonable and necessary repairs to the damaged vehicle, the reasonable towing and storage charges, the reasonable administrative fees incurred, and Enterprise's loss of use during the period the vehicle was unavailable for rental. This opinion testimony as to value necessarily makes any damage award to Enterprise unliquidated. See *Jennings*, supra. The trial court erred in awarding Enterprise pre-judgment interest. The case is remanded to the trial court with direction that judgment entered be amended to exclude pre-judgment interest.

4. Enterprise's request that we impose frivolous appeal penalties against Thompson is denied.

*Judgment affirmed in part and reversed in part and case remanded*

*with direction. McMurray, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 16, 1999 —
RECONSIDERATION DENIED OCTOBER 4, 1999 —

*George H. Connell, Jr.*, for appellant.
*McCrimmon & McCrimmon, Lisa L. McCrimmon*, for appellee.